IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KRISTIN THORNTON and ISAIAH THORNTON,  Plaintiffs, v. MERCER TRANSPORTATION COMPANY, INC. and CAMERON RONALD BACOTE,  Defendants. | CASE NO.: 3:22-cv-00589-JTA |

## PLAINTIFFS' MOTION TO REMAND

COME NOW the Plaintiffs and move this Court for an Order remanding this case to the Circuit Court of Macon County, Alabama. As grounds, Plaintiffs state as follows:

### WHY THIS COURT SHOULD RULE FOR PLAINTIFFS

Defendants' Removal Petition argues the amount in controversy requirement is met in a simple tort case when a plaintiff does not make a specific monetary demand in a complaint, if the plaintiff does not swear under oath the claims amount to less than $75,001. Defendants would have this apply regardless of how vague the damages allegations are in the complaint.

Such a rule would require U.S. district courts to become courts of general jurisdiction for all tort claims between citizens of different states in cases where a plaintiff makes no specific monetary demand. It would also violate the 11th Circuit's requirement to prove by a preponderance of evidence the amount in controversy is satisfied, because it would remove a defendant's burden

1

entirely.

On the other hand, the U.S. Supreme Court has stated courts should presume a case lies outside U.S. district courts' limited jurisdiction, and the burden of establishing the contrary is on the party asserting jurisdiction.

Defendants have not met their burden of proving by a preponderance of evidence the amount in controversy in this case exceeds $75,000. The allegations in the Complaint show Defendants damaged Plaintiffs in an automobile wreck. Plaintiffs' damages include medical bills, pain and suffering, mental anguish, and loss of enjoyment and quality of life. The Complaint does not go into detail on the types of injuries incurred, the extent of the injuries, the extent of any medical treatment, etc. Thus, the only evidence Defendants can offer the Court at this juncture amounts to speculation.

Speculation, with nothing more, does not meet Defendants' burden of proof.

**I.      INTRODUCTION**

On September 13, 2022, Plaintiffs commenced this action in the Circuit Court of Macon County, Alabama. The action arises from an August 31, 2022 motor vehicle accident that occurred in rural Macon County, Alabama on the northbound lane of Interstate 85. Plaintiffs asserted claims against Defendants for: negligence; wantonness; negligent hiring, training and supervision; and wanton hiring, training, and supervision. (Doc. 1-2, State Court Compl.) As damages, the Plaintiffs claimed general bodily injury including pain and suffering. The complaint did not specify particular body parts that were injured, amounts of medical charges incurred, and did not provide an account of the medical care provided to the Plaintiffs. (*Id*. at ¶ 16.) The Complaint also did not specify a dollar amount claimed as damages in this case.

On October 3, 2022, Defendants filed a Notice of Removal with this Court arguing that

this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a). Defendants correctly point out that diversity of citizenship exists in this case. However, Defendants have not met their burden of proving that the amount in controversy in this case exceeds $75,000, as required by 28 U.S.C. §1332(a).

Although Plaintiffs do not allege a specific amount in controversy, Defendants wrongly contend it is apparent from the face of the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs.

As explained below, this case should be remanded to the Circuit Court of Macon County pursuant to 28 U.S.C. Section 1447(c) because Defendants failed to meet their burden of proving the amount in controversy requirement and, as a result, this Court lacks subject matter jurisdiction over this case.

## II.      GENERAL LAW REGARDING REMAND

Federal courts are courts of limited jurisdiction and possess only the power authorized by the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts should presume a case lies outside this limited jurisdiction, and the burden of establishing the contrary is on the party asserting jurisdiction. *Id*. Although a defendant has the statutory right to remove in certain situations, the plaintiff is still the master of his claim. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). For that reason, a defendant's right to remove and a plaintiff's right to choose his forum are "not on equal footing." *Id*. Accordingly, a defendant's removal burden is a heavy one. *Id*. If a plaintiff fails to make a specific demand for damages in the complaint, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

"A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (citations omitted). A court may use "'deduction, inference, or other extrapolation' to determine whether the relevant evidence submitted by the removing party supports the existence of the required amount in controversy." *Sullins v. Moreland*, 511 F. Supp. 3d 1220, 1224 (M.D. Ala. Jan. 6, 2021) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 753 (11th Cir. 2010)). When a court considers a notice of removal without facts or specific allegations, "it may not speculate or divine 'by looking at the stars' the amount in controversy." *Id*. (quoting *Pretka*, 608 F.3d at 753).

### III. DEFENDANTS HAVE FAILED TO MEET THEIR BURDEN OF PROVING THAT THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

#### A. Defendants' Burden of Proof

The removing party bears the burden of proof to establish that the amount in controversy exceeds the jurisdictional minimum, which is a preponderance of the evidence. *Dudley v. Eli Lilly and Co*., 778 F.3d 909, 913 (11th Cir. 2014); *Roe*, 613 F.3d at 1061. In assessing whether the removing defendant has met its burden, a court should first determine from looking at the complaint whether it is facially apparent that the amount in controversy exceeds $75,000. *Jones v. Novartis Pharm*., 952 F. Supp. 2d 1277, 1282 (N.D. Ala. 2013). The court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent the case is removable. *Id*. at 1282-83 (citations omitted).

### B. Defendants Have Not Satisfied Their Burden

Having established the Defendants' heavy burden and the Court's obligation to resolve any doubts in favor of remand, it is now necessary to analyze the arguments raised by Defendants. Defendants have offered no supporting evidence whatsoever to show that the Plaintiffs' claims exceed the $75,000 minimum amount in controversy. Therefore, Defendants rely solely on the line of cases that analyzes whether the amount in controversy is facially apparent from the Complaint.

In particular, Defendants rely on *McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1312-13 (11th Cir. 2021), arguing that because the plaintiffs in *McIntosh* pled unspecified damages and the 11th Circuit found diversity jurisdiction, the Court must find diversity jurisdiction in this case. However, that case is so factually inapposite that drawing conclusions from it for this case is unhelpful and misleading. The plaintiffs in McIntosh suffered damages because they were stranded by a cruise company in a city hit by a hurricane. They pled they were stranded for multiple days without food and water. Conversely, this case involves an automobile wreck. The "reasonable deductions, reasonable inferences, or other reasonable extrapolations" that a court can draw from plaintiffs being stranded, potentially on purpose, by a cruise company while in the crosshairs of a major hurricane are not the same "reasonable deductions, reasonable inferences, or other reasonable extrapolations" a court can make from a car wreck.

In this case, the Complaint alleges only that plaintiffs:

> were caused to suffer damage, presenting suffering damage, and will continue to suffer damage in the future, such damages including but not limited to the following: personal injuries, medical bills (past and future), physical pain and suffering (past and future), mental anguish, medical expenses, and loss of enjoyment and quality of life (past and future).

(Doc. 1-2, State Court Compl.)

Unlike *Hickerson*, the recent case *Kiddd-Hicks v. Bellemere Props., LLC*, 7:18-cv-00753-LSC, 2018 WL 4840113 at *5 (N.D. Ala. Oct. 4, 2018), is directly on point with the present case. In *Kiddd-Hicks*, Judge Coogler considered a motion to remand under very similar circumstances. In that case, the Plaintiff alleged severe injuries but did not disclose the nature and extent of those injuries. In the Court's order granting the motion to remand, Judge Coogler stated: "[the removing Defendant] cannot meet the preponderance standard by simply pointing to the language in Kidd-Hicks's complaint because 'severe' injuries to one person could easily be only minor injuries to all others." *Id.* Applying the rationale adopted by Judge Coogler to the present case, the Defendant simply cannot point to non-specific language in the Complaint because a substantial injury to Plaintiff could, to others, amount only to minor injuries.

Defendants add that Plaintiffs also could have stipulated to an amount in controversy less than $75,001. "There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [defendant's] burden of proof on the jurisdictional issue." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001).

The fact that Plaintiffs make unspecified wantonness claims requesting punitive damages also does not help Defendants meet the amount in controversy requirement. Under Alabama law, "[p]unitive damages are not awarded because the injured party is entitled to them as a matter of right; they are awarded as a punishment to the wrongdoer and to deter him and others in the same or similar situation from such wrongdoing in the future." *City Bank of Ala. v. Eskridge*, 521 So. 2d 931, 933 (Ala. 1988). The value of a punitive damages award largely depends on the defendant's conduct. *See Roe*, 613 F.3d at 1065 ("[T]he worse the defendant's conduct was, the greater the damages should be"); *Arrington v. State Farm Ins.*, No. 2:14CV209-CSC, 2014 WL 2961104, at *7 (M.D. Ala. July 1, 2014) (quoting *State Farm Mut. Auto. Ins. v. Campbell*, 538

U.S. 408, 419 (2003)).

For example, in *McAlpine v. Home Depot U.S., Inc.*, Case Number: 2:15-cv-0191-JEO, 8-12 (N.D. Ala. May. 12, 2015), Judge Ott held:

> "Finally, the court cannot say that the claims for punitive damages, without a clear picture of the dollar value of compensatory damages, or more facts describing the defendant['s] alleged conduct, will make this case worth more than $75,000." *Id*. There simply is insufficient information for the court to find by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount.

*McAlpine v. Home Depot U.S., Inc.*, Case Number: 2:15-cv-0191-JEO, 8-12 (N.D. Ala. May. 12, 2015)

The *McAlpine* holding is applicable to this case as well. The Complaint is silent on the types of injuries suffered by Plaintiffs, the dollar amounts of any medical billing, whether there was any hospitalization at all and whether any medical procedures have been performed on Plaintiffs. "In the absence of more specifics," Defendants cannot satisfy their burden of proof without "unbridled speculation." *Pruitt v. Sam's Club, Inc.*, Case. No. 2:22-CV-00350-KFP, at *7 (M.D. Ala. Oct. 17, 2022).

Plaintiffs' general references to injuries suffered cannot lead to the conclusion that the claims are worth more than $75,000. As a result, the necessary jurisdictional amount is not facially apparent from the Complaint. *See Williams*, 269 F.3d at 1320 (holding in personal injury action "it [was] not facially apparent from plaintiff's complaint that the amount in controversy exceed[ed] $75,000" where the plaintiff alleged he suffered "permanent physical and mental injuries," "incurred substantial medical expenses, suffered lost wages," "experienced a diminished earning capacity," and sought "general damages, special damages, and punitive damages in unspecified amounts"); *Goosby v. Briggs*, 2021 WL 298817, at *2 (M.D. Ala. Jan. 28, 2021) (Where the

complaint does not describe the nature of Plaintiff's injuries or medical treatment, determining a "value would be an exercise in impermissible speculation." ) (citing *Piard v. VRP Transp., Inc.*, 2019 WL 210402, at *5 (M.D. Ala. Jan. 15, 2019)).

IV. **CONCLUSION**

As stated above, Defendants rely solely on the "facially apparent" prong because they offered no accompanying evidence. Without more, the Defendant's "amount in controversy" argument must fail because it is not facially apparent from the Complaint the amount in controversy exceeds $75,000.

Plaintiffs therefore respectfully request this Honorable Court enter an Order remanding this case to the Circuit Court of Macon County, Alabama.

*/s/ W. Bradford Kittrell*
W. BRADFORD KITTRELL (KITTW3444)
ANDREW T. CITRIN
Andy Citrin Injury Attorneys
Post Office Box 2187
Daphne, AL 36526
Telephone: (251)888-8400
Facsimile:(251) 888-8000
brad@citrinlaw.com
andy@citrinlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 24th day of October 2022, the foregoing document was filed via CM/ECF, which will send notification of said filing to all attorneys of record.

Lea Richmond, IV (asb-8479-l74r)
Richard D. Whitaker (asb-6608-a53w)
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
E-mail: lrichmond@carrallison.com
rwhitaker@carrallison.com
*Attorneys for Defendant Mercer Transportation Company, Inc.*

/s/ W. Bradford Kittrell
W. BRADFORD KITTRELL