IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KRISTIN THORNTON and ISAIAH THORNTON, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cv-00589-RAH |
| | ) | [WO] |
| MERCER TRANSPORTATION COMPANY, INC., *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Kristin Thornton and Isaiah Thornton initiated this tort action in the Circuit Court for Macon County, Alabama, against Defendants Mercer Transportation Company, Inc. and Cameron Ronald Bacote. The Thorntons allege they were injured in a motor vehicle accident with a commercial tractor-trailer operated by the Defendants while traveling on I-85. They seek compensatory damages for personal injury, medical bills, pain and suffering, mental anguish, loss of enjoyment, and quality of life. They do not however set forth the nature and extent of their injuries and damages. The Defendants deny liability.

After the Defendants removed the case to this Court, the Thorntons moved to remand, arguing that, although the parties are diverse in citizenship, the Defendants have not proven by a preponderance of the evidence that the amount in controversy

1

exceeds $75,000.  After reviewing the parties' briefs and the record, the Court agrees and finds that the Defendants have not established that the amount in controversy exceeds the jurisdictional minimum.  Accordingly, the Thorntons' motion is due to be GRANTED.

## LEGAL STANDARD

Although a defendant has the statutory right to remove in certain situations, the plaintiff is still the master of her claim. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Thus, a defendant's right to remove and a plaintiff's right to choose her forum are "not on equal footing."  *Id*.  Accordingly, a defendant's removal burden is heavy.  *Id*.  If a complaint omits a specific damages demand, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation omitted) (alteration in original).

When a defendant removes a case within thirty days after receipt of the initial complaint pursuant to 28 U.S.C. § 1446(b)(1), a court considers both the complaint and other evidence introduced by the defendant to determine the validity of the removal.  *See Sullins v. Moreland,* 511 F. Supp. 3d 1220, 1223–24 (M.D. Ala. 2021) (citing *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 754–55 (11th Cir. 2010)). A court may use "'deduction, inference, or other extrapolation' to determine whether

2

the relevant evidence submitted by the removing party supports the existence of the required amount in controversy." *Id*. at 1224 (quoting *Pretka*, 608 F.3d at 753). When a court is presented with a notice of removal without facts or specific allegations, "it may not speculate or divine 'by looking at the stars' the amount in controversy." *Id*. (quoting *Pretka*, 608 F.3d at 753).

## DISCUSSION

Federal courts may exercise diversity jurisdiction when the litigants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1). Although the Complaint does not specify the damages sought, the Defendants argue they have satisfied the jurisdictional requirements by referring to the Thorntons' general allegations of compensatory damages and their additional request for punitive damages. The Defendants further cite the Court to the recent Eleventh Circuit decision in *McIntosh v. Royal Caribbean Cruises, Ltd*., 5 F. 4th 1309 (11th Cir. 2021), for the proposition that these general allegations are all that is needed to support their burden of proof on this jurisdictional issue.

First, the Defendants note that the Complaint alleges the following:

Plaintiffs **KRISTIN THORNTON** and **ISAIAH THORNTON** were caused to suffer damage, presently suffering damage, and will continue to suffer damage in the future, such damages including but not limited to the following: personal injury, medical bills (past and future), physical pain and suffering (past and future), mental anguish, medical expenses, and loss of enjoyment and quality of life (past and future).

(Doc. 1-2 at 7.)   That is all that is pleaded in the Complaint as it concerns the Thornton's compensatory damages.  From this, in addition to a general request for punitive damages, the Defendants argue that the Plaintiffs have shown that the amount in controversy exceeds the jurisdictional demand.

Of note, the Complaint does not detail the Thorntons' harms, as the Complaint does not specify the nature of their injuries, the extent of medical treatment received, or the anticipated future suffering or medical expenses.  In fact, the Complaint provides no detail whatsoever regarding the accident itself, other than that it occurred on I-85 in Macon County.  In as much as the Defendants claim that the Court should interpret the Complaint as evidencing an amount in controversy of over $75,000, it equally could be argued that this accident was merely a sideswipe on the interstate causing nothing more than a broken fingernail.  The Court cannot speculate to an amount in controversy from the unadorned injury allegations.  Thus, the Complaint's articulation of the Thorntons' suffering is not enough in itself to overcome the jurisdictional demands necessary to establish federal subject matter jurisdiction. *See Pretka*, 608 F.3d at 753–54.

The Defendants additionally point to the Thorntons' request for punitive damages; however, this does not establish that the amount in controversy exceeds $75,000.  To be sure, the Thorntons' claim for punitive damages is properly considered in the evaluation of whether the Defendants have shown that the amount

4

in controversy exceeds $75,000.  *See Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).  But there is nothing talismanic about such a demand that would per se satisfy the amount-in-controversy requirement and trigger federal subject matter jurisdiction, especially absent any detailed factual allegation about the conduct that is asserted to give rise to such a claim for damages.  *See, e.g.*, *Scott v. Walmart, Inc.*, 528 F. Supp. 3d 1267, 1277 (M.D. Fla. 2021) (finding that defendants could not meet their burden in incorporating punitive damages into their amount in controversy calculation "[w]ithout a specific showing that Plaintiff's claims alone would merit such awards and without specific evidence or factual allegations linking Plaintiff's claims to case law with similar facts where punitive damages are awarded in a similar amount").

Under Alabama law, "[p]unitive damages are not awarded because the injured party is entitled to them as a matter of right; they are awarded as a punishment to the wrongdoer and to deter him and others in the same or similar situation from such wrongdoing in the future." *City Bank of Ala. v. Eskridge*, 521 So. 2d 931, 933 (Ala. 1988).  The value of the Thorntons' punitive damages cannot be ascertained without speculating.  The Complaint offers only formulaic recitations about reckless or wanton actions rather than illustrations of or even allusions to specific conduct. Without precise examples, it is impossible to ascertain the reprehensibility of the Defendants' conduct for purposes of determining a potential punitive damages

award.  *See Roe*, 613 F.3d at 1065 (stating that, in assessing punitive damages under Alabama law, "the worse the defendant's conduct was, the greater the damages should be");  *Arrington v. State Farm Ins. Co.*, 2014 WL 2961104, at *7 (M.D. Ala. July 1, 2014) ("[T]he most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct." (quoting *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003) (alteration in original)).

The Defendants assert that the Eleventh Circuit's decision in *McIntosh* shows that the Thorntons' complaint allegations, as vague as they are, are sufficient to meet their burden of proof.  *McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309 (11th Cir. 2021).  The Court does not interpret *McIntosh* in such a manner, as it is procedurally and factually distinct from the circumstances here.  Procedurally, *McIntosh* addressed whether a complaint initially filed in federal court met the statutory requirements for diversity jurisdiction.  5 F. 4th at 1312.  Accordingly, while the court was required to interpret the complaint in the light most favorable to the plaintiffs, the plaintiffs nevertheless were the ones who carried the burden to show whether the amount in controversy exceeded $75,000.  *Id.* at 1312.  Here, since the Defendants removed this case to federal court and the Thorntons claim no specific amount in damages, the Defendants carry the burden of proof in showing by a preponderance of the evidence that the amount in controversy is in excess of

$75,000.  *See Roe*, 613 F.3d at 1061.

And factually, in *McIntosh*, the Eleventh Circuit could ascertain from the complaint detailed facts concerning the plaintiff's damages, such as the costs of traveling to Texas and the various damages caused by spending several days amid a devastating hurricane without power and with limited food and water.  5 F.4th at 1312–13.   Here however there is no factual detail—or even vague factual allegations—concerning the Thorntons' damages from which any semblance of an amount in controversy can be estimated.  All that can be gleaned from the Complaint is that the Thorntons were involved in a traffic accident on the interstate and they claim to have suffered damages.  No detail whatsoever is made about the accident or the injuries and damages.   In short, the Thorntons' damages are entirely speculative.  *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007) ("The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars."); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." (internal citation omitted)); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999) ("[A]ll doubts about jurisdiction should be resolved in favor of remand.").

Considering the record as a whole, the Court does not find by a preponderance of evidence that it is more likely than not that the amount in controversy exceeds $75,000 here. The boilerplate allegations of harm in the Complaint do little to inform the Court of the amount in controversy. Defendants' arguments against remand are unavailing. *See, e.g., Williams v. Best Buy Co*., 269 F.3d 1316, 1320 (11th Cir. 2001) (holding in personal injury action that a complaint did not facially demonstrate an amount in controversy exceeding $75,000 where the plaintiff alleged that she suffered "permanent physical and mental injuries," incurred "substantial medical expenses, lost wages, and diminished earning capacity for an indefinite period of time," and sought "general, special, and punitive damages"); *but see Fuqua v. D&M Carriers, LLC*, 2019 WL 6918297, at *3 (N.D. Ala. Dec. 19, 2019) (in an auto accident personal injury case involving a tractor-trailer, from the face of a complaint, the plaintiff likely pleaded an amount in controversy exceeding $75,000 "given her allegations of five surgeries, pain and mental anguish, permanent physical and vocational impairment, two years of lost wages from her job as a State Trooper, lost time towards pension and retirement, and her request for exemplary damages"). This case therefore must be remanded to state court.

## CONCLUSION

Accordingly, it is ORDERED:

1. Plaintiffs' Motion to Remand (Doc. 11) is GRANTED.

2. This case is REMANDED to the Circuit Court of Macon County, Alabama.

8

3. The Clerk of the Court is DIRECTED to effectuate the remand and close this

case.

DONE, on this the 1st day of February, 2023.

               /s/R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE